CASE 37.—ACTION BY CLEMANTINE DESHON AND OTHERS AGAINST JAMES A. HOLT'S EXR. AND TRUSTEE INVOLVING A CONSTRUCTION OF DECEDENT'S WILL.—June 26.

## Holt's Exr. v. Deshon, Etc.

Appeal from Franklin Circuit Court.

R. L. STOUT, Circuit Judge.

Judgment for plaintiffs. Defendant appeals.—Reversed.

1. Perpetuities—Suspension of Power of Alienation.—A devise of land to two devisees, upon the condition that devisees shall reside on the farm, the farm never to be sold, leased, or rented, no blue grass field to be plowed, no stock to be pastured except such as is owned by the devisees, and no tobacco to be raised, but that, should either of the devisees die without leaving issue, then her share to go to the sur-

viving devisee, and should both die without leaving issue, then the land to go to a third person, was not void as creating a perpetuity; the limitations being only upon the land while held by the devisees first named.

2. Wills—Devise Subject to Payment of Money—Lien.—Under Ky. Stats., 1903, Sec. 2066, providing that, when any property shall be devised subject to the payment by the devisee to another of a sum of money, the latter shall have a lien on the legacy for the sum so to be paid, where a will provided that, should either of two devisees die without leaving issue, then her share should go to the surviving devisee upon payment by her to the husband of the deceased devisee of a sum named, the husband of the deceased devisee had a lien upon her share of the land to secure the payment of the sum named.

3. Same—Devise on Condition—Reasonableness.—While devisees of land on condition that they shall reside thereon must make it their residence, a temporary absence is not a ground of forfeiture.

ERNEST MACPHERSON for appellant.

FIDELITY TRUST CO. as Admr., etc.

GEO. A. BRENT of counsel.

## CLASSIFICATION OF POINTS AND AUTHORITIES.

1. Under the second codicil of the will of James A. Holt the conditions were really limitations.

"Where there is a devise upon a condition, and the estate is devised over to a stranger upon the breach or non-performance of the condition, that condition is usually construed to be a limitation." (Chan. Walworth, in Fox v. Phelps, 20 Wend., 437.) See also Battle Square Church v. Grant, 3 Gray, 142; 63 Am. Dec., 727; Clark v. Calloway, Snead, 46; Coppage v. Alexander, 2 B. M., 316.

2. A limitation determines the estate absolutely, whatever be its nature: Smith v. Smith, 23 Wis., 176; 99 Am. Dec., 153, quoting Greenleaf's Note to Cruise on Real Property.

3. Under the second codicil of Holt's will the appellees took at the utmost only a defeasible fee, and probably a life estate with remainder to their issue living at the time of their deaths: Dorsey's Comm. v. Maddox, 103 Ky., 253; Armstrong v. Armstrong, 14 B. M., 277.

4. The Kentucky Statutes, Sec. 2360, which is really the rule against perpetuities, could not be construed to be violated by any of the provisions of the second codicil of the will of James A. Holt. The use of the word "never" applied only to the life tenants, "said devisees," that is, the appellees. See Morton's Gdn. v. Morton, 27 Ky. Law Rep., 662; J. M. Robison v. Fred Gray (recent case not reported, decided by Judge Carroll).

5. The adjudication by the Franklin circuit court that the $15,000 to be paid to the husband of the sister first dying was a charge upon the corpus of the estate was error, because by the express terms of the second codicil it is made a personal charge, if a charge at all, upon the surviving sister.

Ky. Stats, Sec. 2066, in relation to charges upon estates, relates only to express charges and cannot be invoked in aid of the judgment below.

6. Even if the limitations should be construed as conditions pure and simple, they were valid because:

(a) The weight of authority sustains the validity of a condition requiring the devisee to reside on the premises: Irvine v. Irvine, 12 Ky. Law Rep., 827; Dale v. Atkinson, 3 Jur (N. S.), 41; Woods v. Townley, 11 Hare, 314; Lowe v. Cloud, 45 Ga., 481; Marston v. Marston, 47 Me., 495.

(b) That the farm is never to be sold, leased or rented is also valid merely as a condition: Morton v. Morton and Robison v. Gray, above quoted, and Attorney General v. Wallace, 7 B. M., 611.

(c) Mere conditions and limited restraints upon the sale of a pure fee simple even have often been upheld in Kentucky, if such restraints do not exceed the statutory period of restraint: Stewart v. Barrow, 7 Bush, 370; Kean v. Kean, 13 Ky. Law Rep., 956; Wallace v. Smith, 113 Ky., 263; see also DePeyster v. Michael, 6 N. Y. (2 Selden), 467; Nichols v. Eaton, 91 U. S., 725; Berry v. Berry, 15 Ky. Law Rep., 541; Best v. Conn, 10 Bush, 36; Camp v. Cleary, 76 Va., 140; Minor's Institutes, vol. 2 3d ed., p. 272.

JOHN W. RODMAN for appellees.

## LIST OF AUTHORITIES REFERRED TO IN BRIEF OF APPELLEES.

1. On defeasible fee: Collins v. Thompson, 19 Ky. Law Rep., 1194; Lee, etc., v. Munford, etc., Ky. Law Rep., vol. 19, p. 1585; Dorsey's Committee v. Madden, 19 Ky. Law Rep., 1903.

2. Restraint on alienation: Encyclopedia of Law, vol. 22, p. 704; Redfield on Wills, vol. 2, p. 288, subsection 13, also subsection 14, p. 288; also p. 289; section 37, 229;

Henry Pardew v. Robert Gibbons, Jones Equity, vol. 1, p. 306, N. C. Rep.; Stansberry v. Hubner 73 Maryland, 228; Hepziber admx. v. Turrell Tufts, 18 Pick, 455; Moore v. Sanders, 15 South Caroline, 441; Farris, etc., v. Rodgers' Guardian, 9 Ky. Law Rep., 913; Ludwig v. Combs, 1 Metcalf, 128; Attorney General v. Wallace's Devisees, 7 B. Mon., 611; Stevens v. Stevens, 21 Ky. Law Rep., 1315; Fidelity Trust Co. v. Loyd, 25 Ky. Law Rep., 1327; Coleman v. Coleman, 23 Ky. Law Rep., 1477.

3.  Limitation over upon an indefinite failure of issue is void for remoteness: Encyclopaedia of Law, 2d ed., vol. 6, p. 515, vol. 17, p. 558, vol. 17, p. 563; Moore's Trustee v. Howe, 4 T. B. Mon., 202; Brashier v. Macey, etc., 3 J. J. Marshall, 91; Shephard v. Shephard, 2 Richardson S. C. Rep., 142; Tater v. Tater, Barbour's Supreme Court Rep., vol. 4, p. 431; Cox v. Buck, Richardson's Law Rep., vol. 5, p. 604; Farris v. Gibson, 4 Edward Chancery Rep., 710; Ky. Stats., sec. 480; Morton's Guardian v. Morton, 27 Ky. Law Rep., 664; Robinson v. Gray, 29 Ky. Law Rep., 1296.

4.  Conditions in will against public policy: Walker and wife v. Vincent, 19 Pa. St. Rep., 371; Brattle Square Church v. Grant, 63 A. M. D., 737.

5.  $15,000.00 charge on land: Ky. Stats., sec. 2066; Percey, etc., v. Greenwell, etc., 80 Ky., 616.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

The will of James A. Holt contains, among other things, these provisions: "I give, devise, and bequeath to my two cousins, Clara Clark and Clementine Deshon, my farm in Franklin county, State of Kentucky, a description of which is on record in Deed Book No. 16, page 237, etc., of the records of the said Franklin county (in the city of Frankfort), together with all the furniture in my house, except such as I may retain for my own use, stock and farming implements, including all the personal property on said farm, said farm containing about seven hundred and fifty acres, upon the following conditions: Said devisees shall reside on said farm, said farm is never to be sold, leased or rented, no blue grass field is to

be plowed, no stock to be pastured on said real estate except such as is owned by said devisees, and no tobacco is to be raised on said real estate. Should either of said devisees die without leaving issue, then her share shall go to the surviving devisee, a sister, upon the payment by said survivor to the husband of said decedent of fifteen thousand dollars, and should each of said devisees die without leaving issue, then said real estate shall revert to Clarke Lodge, No. 40, Free and Accepted Masons, of Jeffersonville, Indiana, and a further consideration: I am to have care and attention during my life at said farm, if I desire it. A failure to comply with the conditions herein set out shall revoke this codocil and said real estate shall revert to the aforesaid Lodge and is bequeathed with full power and authority to sell.'' The Fidelity Trust Company qualified as the executor and trustee under the will. This suit was brought by Mrs. Deshon, Mrs. Clark, and their husbands against the trust company as administrator and trustee and Clark Lodge No. 40. The plaintiffs assailed the limitations in the will as creating a perpetuity and therefore void. They also asked a construction of the will as to the $15,000 to be paid the husband of the devisee dying without issue leaving the other surviving her. The circuit court adjudged the limitations in the will were void as creating a perpetuity, and also adjudged that, if Clara Clark or Clementine Deshon should die without leaving issue, then her share should go to the surviving devisee upon the payment by her to the husband of the deceased sister of the sum of $15,000; that the $15,000 is a charge upon the estate devised; and that the husband of the deceased sister, on the happening of that event, will have a lien upon the farm to secure the payment of the money. He also

adjudged that, in the event that Mrs. Deshon and Mrs. Clark died without leaving issue, the farm would revert to the trust company, as trustee under the will, for the benefit of the lodge. It was shown in the record that the land on the farm, which has heretofore been in blue grass, is being taken by weeds, shrubs, bushes, etc., so much so as to destroy the value of the field as a blue grass pasture, and that this state of case exists as to at least 500 acres of the land; and it is insisted that the devise to Mrs. Deshon and Mrs. Clark, with the limitations put upon it, is a burden rather than a benefit. They have taken possession of the land since the testator's death, but neither of them have any children.

As to the validity of the limitation in the devise being valid or invalid depends upon the construction of the language used. The words are these: ''Said devisees shall reside on said farm, said farm is never to be sold, leased or rented, no blue grass field is to be plowed, no stock to be pastured on said real estate except such as is owned by said devisees, and no tobacco is to be raised on said real estate.'' The words ''said devisees'' evidently refer to Clara Clark and Clementine Deshon. The limitation is only, therefore, that they shall reside on the farm and that no stock is to be pastured on it, except such as is owned by them. While the other words do not in terms refer to them, we think it evident that the testator, when he provided that the farm was never to be sold, leased, or rented, and that no blue grass field was to be plowed and no tobacco was to be raised upon the land, had in mind only a limitation upon the estate before the contingency introduced by the next succeeding words, ''Should either of said devisees die without leaving issue.'' In other words, all these

limitations are only placed upon the estate while it is held by Mrs. Clark and Mrs. Deshon. If either of them dies leaving issue, the issue will take the land absolutely and free from all limitations; but, if they both die without issue, it then goes to the lodge as provided below. A limitation upon Mrs. Deshon and Mrs. Clark as to how they should use the land is not in violation of the statute against perpetuities. The property belonged to the testator, and, when he devised to them a limited estate in it, he had power to fix such limitations upon the estate granted as he saw fit. Their estate is not absolute, and the question as to what limitations may be imposed upon the devise of a fee simple is not, therefore, presented. If either of them dies leaving issue, the issue can sell the land at pleasure and use it as they please. But the testator, when he did not give Mrs. Clark and Mrs. Deshon the absolute fee, might put such limitations upon them as he deemed proper for the preservation of the estate for those who are to come after them. We think, therefore, that the circuit court erred in holding the limitations above quoted void.

Section 2066, Ky. St., 1903, is as follows: "When any, property shall be devised subject to or upon the payment by the devisee to another of a sum of money or his doing some other thing, the latter shall have a lien on the legacy for the sum so paid, or for the value of the thing to be done." It is provided by the will that, should either Mrs. Clark or Mrs. Deshon die without leaving issue, then her share shall go to her surviving sister upon the payment by her to the husband of her sister of $15,000. It will thus be seen that the share of the one dying without issue is devised to the survivor upon the payment by the devisee to another of a sum of money. In other

words, the share of the one dying without issue is devised to the surviving sister. She therefore in that event will take this share under the will, but by the provisions of the will will take it upon the payment by her to the husband of the sister of $15,000. By the terms of the statute, therefore, the husband of the deceased sister will have a lien upon his deceased wife's share in the land for $15,000, if she dies without issue. He will not have a lien upon the whole farm, but a lien only upon the half of it which was devised to his wife. We do not mean to determine that Mrs. Clarke and Mrs. Deshon must remain actually on the land all the time in order to prevent the reverting of the devise. They must make it their residence, but they may be absent from the place for business or pleasure temporarily, provided they do not take up a permanent residence elsewhere. They may divide the land between them if they desire to do so; and, while the devise is not so valuable with the restrictions placed upon it, it is a property of great value, which, with fair management, will furnish them an admirable home.

Judgment reversed, and cause remanded for further proceedings consistent herewith.